No. 3547

**Second Circuit**

HAYNE v. JAFFA

(January 31, 1930. Opinion and Decree.)
(March 24, 1930. Rehearing Refused.)

D. J. Hyams, of Natchitoches, and Hawthorn & Stafford and John L. Pitts, Jr., of Natchitoches, attorneys for plaintiff, appellee.

Phanor Breazeale, of Natchitoches, attorney for defendant, appellant.

WEBB, J. This is an action to recover damages for personal injuries sustained by plaintiff, alleged to have resulted from the negligence of defendant in driving an automobile against plaintiff while he was walking across the roadway of a street.

Plaintiff alleged that defendant was driving at an excessive rate of speed, on the wrong side of the street, and without maintaining a lookout, which was denied by defendant, who alleged that the accident was due solely to the fault and negligence of plaintiff in walking in front of the automobile driven by defendant in such close proximity thereto that it was impossible for defendant to avoid the accident, and on trial judgment being rendered in favor of plaintiff, defendant appeals.

The accident occurred in the daytime on a street which runs approximately east and west, the roadway of which is about 30 feet in width, and plaintiff was walking from the south towards the north side of the street when he was struck by the automobile which approached from the east.

There was, as usual, a conflict in the evidence as to the rate of speed at which defendant's automobile was being driven, the witnesses called by plaintiff estimating the speed as in excess of the maximum fixed by the municipal ordinances, and those called by defendant estimating the rate of speed at much less than that fixed by the ordinances; but without regard to the rate of speed at which the automobile was being driven, the weight of the evidence, we think, conclusively establishes that defendant was not maintain-

ing a lookout, and that had he been doing so he could easily have avoided the accident.

Plaintiff stated that when he stepped into the roadway defendant's automobile was at a distance of about 80 or 100 feet to the east, and the evidence shows that plaintiff was struck before he reached the center of the street, and it clearly appears that if defendant had been maintaining a lookout, he would have discovered plaintiff's situation, and even if defendant was driving at an excessive rate of speed, he could easily have passed to the north of the center of the street and avoided striking plaintiff, and if defendant was not driving at an excessive rate of speed, that he could easily have brought his car to a stop.

While defendant does not admit that he was not maintaining a lookout, he does admit that he did not see plaintiff until after the car had struck plaintiff, and it was shown that immediately after the accident defendant had stated that he was looking towards a house on the north side of the street and that he was surprised that he had driven so far to the south of the center of the street, and we are of the opinion that defendant was properly held liable.

Both parties complain of the amount of the award, which was for $840, with legal interest from the date of the judgment. Plaintiff, at the time of the accident, was about 68 years of age, and although he did not sustain any permanent injuries, he was severely shocked and bruised, and was confined to his bed for about two weeks and to his home for about five weeks. He stated that he suffered considerable pain during the period he was confined to his bed, and that he still suffered at times with some pain and disability from his knee where the bumper or fender of the automobile struck him, and it was shown that he was under the care of physicians for a considerable period, for which he paid $90. The physicians stated that plaintiff had suffered considerable pain, and that he would at times experience some pain and disability from the injury, and we cannot say that the amount allowed by the court was excessive.

The judgment is therefore affirmed.